1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

11

NORTHERN DISTRICT OF CALIFORNIA

12

OAKLAND DIVISION

13
14

MARCO HEYWARD,

15

Plaintiff,

16

v.

17

UNITED STATES GOVERNMENT,

18

Defendant.

19

No. 4:15-CV-04254-KAW
Related to No. 4:14-CV-05114-KAW

**ORDER GRANTING MOTION TO
DISMISS FIRST AMENDED
COMPLAINT WITH PREJUDICE**

20
21
22
23
24
25
26
27
28

1    Defendant, the United States of America, moves to dismiss Plaintiff Marco Heyward's First

2    Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

3    Pursuant to Civil Local Rule 7-1(b), the Court deems the motion suitable for disposition without oral

4    argument and VACATES the hearing currently set for July 7, 2016.  For the reasons set forth below, the

5    Court GRANTS the Government's motion and DISMISSES Plaintiff's First Amended Complaint WITH

6    PREJUDICE.

7                            **I.      BACKGROUND**

8        **A.      Factual Background**

9        Plaintiff, who is proceeding *pro se*, has filed a First Amended Complaint alleging medical

10   malpractice in connection with a knee surgery performed by the Department of Veterans Affairs ("VA")

11   in December 2010.  In 2010, Plaintiff fell down some stairs and ruptured quadriceps tendons in both of

12   his knees.  Am. Compl. (ECF No. 28) Attach. F.  On December 28, 2010, he underwent surgery at the

13   San Francisco Veterans Affairs Medical Center to repair the tendons.  Am. Compl. at 2 & Attach. A.  He

14   alleges that the surgery was performed by Dr. Hubert Kim and Dr. Nancy Kadel, and that the surgical

15   team knew that surgery resulted in his left knee being placed lower than his right knee.  Am. Compl. at

16   3.  On May 19, 2011, Nurse Practitioner Betty King allegedly revealed that Plaintiff had re-ruptured his

17   left quadriceps tendon as a result of physical therapy and the positioning of his left knee.  *Id.*; *see also*

18   Am. Compl. Attach. 1.  According to Plaintiff, the VA "recklessly tried to shift the blame to Plaintiff

19   alleging non-compliance, which is an extreme departure from [the] ordinary standard of care."  Am.

20   Compl. at 3.  Plaintiff has filed an application for additional disability compensation and related

21   compensation benefits with the VA, which he alleges was "the proximate cause of these additional and

22   secondary disabilities for left thigh muscle atrophy, [a]djustment [d]isorder with depression, left

23   knee/right knee and lower back."  Am. Compl. at 3-4 & Attach. E.

24       On November 16, 2011, Plaintiff filed an administrative claim with the VA seeking $1 million in

25   damages.  Am. Compl. at 3.  The VA denied Plaintiff's claim on May 3, 2012.  *See* Declaration of

26   Warren Metlitzky ("Metlitzky Decl.") (ECF No. 10-1) ¶ 3 & Ex. B.  Plaintiff requested reconsideration

27   on October 31, 2012.  *See id.* ¶ 4 & Ex. C.  The VA denied his request for reconsideration on June 11,

28   2014.  *See id.* ¶ 5 & Ex. D; *see* Am. Compl. at 2.

1

2

**B.    Procedural History**

        **1.    *Heyward I***

3    On November 19, 2014, Plaintiff filed a *pro se* complaint against the United States in this Court.

4 *See Heyward I*, No. 14-cv-5114-KAW, ECF No. 1.  Plaintiff's complaint contained three causes of

5 action entitled: (1) 38 U.S.C. § 1151; (2) Malice, Cal. Civ. Code § 3294(a); (3) Intentional Tort,

6 Extraordinary Relief, Restitution of Remedies, 28 U.S.C. § 2674 (Liability of the United States).  *See id.*

7 On February 9, 2015, the United States moved to dismiss Plaintiff's complaint for lack of subject matter

8 jurisdiction and failure to state a claim.  *See Heyward I*, ECF No. 8.  After Plaintiff failed to respond to

9 the United States' motion to dismiss, the Court issued an Order to Show Cause as to why the case should

10 not be dismissed for failure to prosecute.  *See Heyward I*, ECF No. 17.  Plaintiff failed to respond to the

11 Court's show cause order.  *See Heyward I*, ECF No. 18.  On May 13, 2015, the Court dismissed

12 Plaintiff's action without prejudice for failure to prosecute.  *See Heyward I*, ECF No. 18.

13            **2.    *This Action***

14    Over four months after the dismissal of *Heyward I*, Plaintiff commenced this action on

15 September 18, 2015, with the filing of a *pro se* complaint against the United States that was virtually

16 identical to the complaint in *Heyward I*.[1]  *See* Compl., ECF No. 1.  The complaint sought $40 million in

17 damages.  *See id.* at 5.  The United States moved to dismiss Plaintiff's complaint for lack of subject

18 matter jurisdiction and failure to state a claim.  *See* ECF No. 10.  Specifically, as to Plaintiff's tort claim,

19 the United States argued that any FTCA claim was barred by the statute of limitations because the VA

20 denied Plaintiff's request for reconsideration of his administrative claim on June 11, 2014, but this

21 action was not filed until September 18, 2015, more than 15 months later.  *See id.*  In his opposition to

22 the United States' motion to dismiss, Plaintiff claimed that he was not asking the Court to rule on his

23 VA benefits application, but was instead bringing an FTCA claim for "relief for unnecessary pain and

24 suffering due to medical malpractice."  *See* ECF No. 19 at 3.

25    While the United States' motion to dismiss was pending, Plaintiff filed a "motion for extension

26 of time to file amended complaint," which the Court construed as a motion for leave to file an amended

27

28
_____
[1] The two actions were related on January 4, 2016.  Dkt. Nos. 20, 22.

2

complaint.  ECF Nos. 26, 29.  The Court granted Plaintiff's motion for leave as unopposed and ordered that Plaintiff's First Amended Complaint be deemed filed.  ECF No. 29.  It further ordered the Government, should it move to dismiss Plaintiff's First Amended Complaint, to "address why equitable tolling would not apply in this case given that the action Plaintiff previously filed, *Heyward v. United States Government*, No. 14-cv-5114-KAW, appears to have been filed within the applicable statute of limitations."  *See id.*

The Government has now moved to dismiss the First Amended Complaint, in which Plaintiff asserts a claim for "Extraordinary relief, Restitution of Remedies 28 U.S.C. 2674 (LIABILITY OF UNITED STATES)" and a claim for "malice" under California Civil Code section 3294(a).  (Def.'s Mot., Dkt. No. 31; FAC at 5, 6.)  Plaintiff filed his opposition to the motion on May 4, 2016.  (Pl.'s Opp'n, Dkt. No. 33.)  The Government filed its reply on May 13, 2016.  (Def.'s Reply, Dkt. No. 34.)

## II.    DISCUSSION

### A.    Motion to Dismiss Under Rule 12(b)(6)

Rule 12(b)(6) governs dismissal for failure to state a claim on which relief can be granted. Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  The complaint must be construed in the light most favorable to Plaintiff. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  The court, however, need not accept as true conclusory allegations, legal characterizations or unreasonable inferences.  *Taylor v. FDIC*, 132 F.3d 762 (D.C. Cir. 1997).  Nor does the court need assume that plaintiff can prove facts different from those alleged.  *Assoc. Gen. Contractors v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Thus, the grounds must amount to "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Id*. at 555.  This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).  On a Rule 12(b)(6) motion, a court can consider material attached to the complaint and documents upon which the complaint "necessarily relies," and may take judicial notice of

matters of public record without converting the motion into one for summary judgment. *United States v. Corinthian Colleges*, 655 F.3d 984, 998-99 (9th Cir. 2011); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *see also Wright v. City of Santa Cruz*, 2014 WL 3058470, *4-6 (N.D. Cal. July 3, 2014) (granting 12(b)(6) motion to dismiss based on consideration of tort claim referenced in complaint but submitted with moving papers).

### B.    Plaintiff's claim is time-barred by the statute of limitations.

Plaintiff's First Amended Complaint purports to state a claim against the United States for medical negligence. Such claims can only be made under the Federal Tort Claims Act, 28 U.S.C. § 2674. Section 2674 is a waiver of the United States' sovereign immunity. *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000). Under the FTCA, the United States has waived its immunity from suit for certain torts and in expressly prescribed circumstances. 28 U.S.C. §§ 1346(b), 2671-2680. Prior to initiating an action under the FTCA, a plaintiff must first exhaust administrative remedies by presenting a claim to the appropriate Federal agency and receiving either a final written denial or a "deemed" denial based on the agency's lack of response for six months. 28 U.S.C. § 2675(a). The FTCA further provides that a tort claim "shall be forever barred unless it is presented [to the agency] within two years . . . or unless action is begun within six months" of the agency's denial of the claim. 28 U.S.C. § 2401(b).

Plaintiff cannot establish the timely filing of this action in accordance with 28 U.S.C. § 2401(b). Plaintiff filed his administrative tort claim on November 16, 2011. Am. Compl. at 3. The VA denied Plaintiff's claim on May 3, 2012, and Plaintiff sought reconsideration on October 31, 2012. *See* Metlitzky Decl. (ECF No. 10-1) ¶¶ 3-4 & Exs. B-C. The VA denied the request for reconsideration on June 11, 2014. Metlitzky Decl. (ECF No. 10-1) ¶ 5 & Ex. D; Am. Compl. at 2. Therefore, Plaintiff had until December 11, 2014 to file his complaint alleging FTCA claims. Plaintiff did not file this action until September 18, 2015. Because this action was not filed within six months of the VA's final denial on June 11, 2014, Plaintiff's FTCA claim falls outside the limitations period and is subject to dismissal, absent equitable tolling. *See Crittle v. United States*, No. C 14-3979 CRB (PR), 2015 WL 7075609, at *4 (N.D. Cal. Nov. 13, 2015) (dismissing *pro se* plaintiff's FTCA cause of action as time-barred where plaintiff brought claim eight months after agency denied his administrative claim).

1      **C.**    **Equitable tolling does not save Plaintiff's untimely claim.**

2      The Supreme Court recently held in *United States v. Wong*, --- U.S. ---, 135 S. Ct. 1625 (2015),

3 that the time limits for bringing claims under the FTCA were not jurisdictional because the statute

4 "provided no clear statement indicating that § 2401(b) is the rare statute of limitations that can deprive a

5 court of jurisdiction," and were thus subject to equitable tolling.

6      A plaintiff who seeks equitable tolling bears the burden of showing "'(1) that he has been

7 pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way.'" *Wong*

8 *v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013) (quoting *Credit Suisse Sec. (USA) LLC v. Simmonds*, 132

9 S. Ct. 1414, 1419 (2012)). The first element examines whether the plaintiff was "without any fault" in

10 pursuing his claim. *See id.* The second element requires that a plaintiff show that "'extraordinary

11 circumstances were the cause of his untimeliness and . . . ma[de] it impossible to file [the document] on

12 time.'" *See id.* (quoting *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotation marks

13 and citations omitted)).

14      In his opposition, Plaintiff asks "the Court, in the interest of justice, to grant Plaintiff [e]quitable

15 [t]olling so that Plaintiff may diligently pursue this claim." (Pl.'s Opp'n at 1.) Plaintiff asserts that he

16 was unable to prosecute *Heyward I* "due to false incarceration from February 2015 to July 2015," during

17 which time he "was denied all mail and access to the Law Library." (*Id.* at 2.) Plaintiff also asserts that

18 upon his release from custody on July 22, 2015,[2] he "immediately pursued this matter after [m]edical

19 treatment due to toxic exposure to toxic metals and toxic water while falsely incarcerated." (*Id.* at 3.)

20      Even if Plaintiff had alleged these facts in the operative complaint, Plaintiff's argument misses

21 the mark. It presupposes that the limitations period was tolled as of the filing of *Heyward I*, which

22 occurred on November 19, 2014, about three weeks prior to the lapse of the six-month limitations period

23 on December 11, 2014. As the Defendant correctly argues, however, Plaintiff cannot rely upon the

24 filing date of his previous action, *Heyward I*, to save his claims here because his First Amended

25 Complaint does not relate back to *Heyward I*. *See O'Donnell v. Vencor, Inc.*, 465 F.3d 1063, 1066 (9th

26

27    [2] The Government asks that the Court take judicial notice of a state court record showing that Plaintiff was not sentenced until February 26, 2015. Def.'s Opp's at 2. As the Court may take judicial notice of state court records, *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980), the request is

28 GRANTED.

Cir. 2006), *amended*, 466 F.3d 1104 (9th Cir. 2006) (explaining that a second complaint does not relate back to a first complaint under Federal Rule of Civil Procedure 15(c)(2) because the second complaint is a separate filing, not an "amendment" of the first complaint); *see also Benge v. United States*, 17 F.3d 1286, 1288 (10th Cir. 1994) (noting that "a separately filed claim, as opposed to an amendment or a supplementary pleading, does not relate back to a previously filed claim").  Moreover, where, as here, a complaint is timely filed and later dismissed, "the timely filing of the complaint does not 'toll' or 'suspend' the applicable limitations period."  *O'Donnell*, 465 F.3d at 1066.  Even if, however, *Heyward II* did relate back to *Heyward I*, Plaintiff filed *Heyward I* on November 19, 2014, about five months after the VA's June 11, 2014, denial of his request for reconsideration of his administrative tort claim.  Thus, Plaintiff would have had less than one month left on the six-month limitations period once the order of dismissal was entered in *Heyward I* on May 13, 2015.  Plaintiff did not, however, file *Heyward II* within the unexpired time remaining in the limitations period.  Therefore, *Heyward II*, which was filed on September 18, 2015, just over 15 months after the VA finally adjudicated Plaintiff's administrative claim, must be dismissed as untimely.

## III.   CONCLUSION

In accordance with the foregoing, Defendant's motion to dismiss is GRANTED, and Plaintiff's First Amended Complaint is DISMISSED WITH PREJUDICE.

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATE:07/06/16

_____
KANDIS A. WESTMORE
United States Magistrate Judge